IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PASHA KLINGAMAN, : | |
|     Plaintiff, : | |
| : | |
|     v. : | CIVIL NO. 5:25-cv-00584-JLS |
| : | |
| J&R SCHUGEL TRUCKING and JIM : | |
| DOE, : | |
|     Defendants. : | |

**MEMORANDUM OPINION**

**Schmehl, J.   /s/ JLS**                                                                                       **November 3, 2025**

**I.      INTRODUCTION**

Before the Court is the motion of Defendant, J&R Schugel Trucking, Inc. ("J&R"), to dismiss Counts Three, Four and Five of the Complaint filed by Plaintiff, Pasha Klingaman ("Plaintiff" or "Klingaman"). Klingman filed a Complaint seeking relief for violations of Title VII of the Civil Rights Act and the Pennsylvania Human Relations Act ("PHRA"), negligent infliction of emotional distress ("NIED"), intentional infliction of emotional distress ("IIED"), and negligence. Defendant moves to dismiss the NIED claim (Count Three), IIED claim (Count Four), and the negligence claim (Count Five). Plaintiff stipulates to the withdrawal of his NIED and IIED claims (Counts Three and Four)[1], leaving only Count Five, the negligence claim, at issue. Based upon the parties' submissions, Defendant's partial motion to dismiss will be granted in part and denied in part.

---

[1] (ECF No. 9, p. 2).

## II. BACKGROUND

Klingaman is a former employee of J&R, hired on or about April of 2023 as a full-time truck driver. (ECF No. 1, ¶ 18). Klingaman claims that while employed by J&R from April 2023 to July 2024, his supervisor was an individual named Jim ("Supervisor Jim"), whose last name is unknown to Plaintiff. *Id*. at ¶ 20.

Klingaman alleges that, early on in his employment at J&R, Supervisor Jim invited him to a private dinner and drinks at his home, proposing that he spend the night afterwards. (ECF No. 1 at ¶ 27). Plaintiff declined the invitation, finding it to be inappropriate, but did not report the proposition out of fear of retaliation. *Id*. at ¶ 28. Then, on or about October 19, 2023, Klingaman claims Supervisor Jim "summoned" him to his office, positioned a phone on his desk to take photographs, and proceeded to unbuckle his pants, expose his penis, place a bottle of lubricant on the desk, and began to masturbate in front of Plaintiff. *See id.* at ¶¶ 41-44. Plaintiff further alleges that when attempting to exit the office, Jim approached him from behind and inappropriately touched Plaintiff's pants near the pelvic region, commenting that he liked Plaintiff's "pajamas." *Id*. at ¶ 47.

Plaintiff reported this alleged incident to the human resources department, and J&R responded by promptly investigating the matter. *Id*. at ¶¶ 49-57. Plaintiff asserts that, because J&R allegedly failed to restrict Jim access to Plaintiff's in-cab truck camera following the investigation, he endured significant psychological and emotional distress. *Id*. at ¶ 58. On July 5, 2024, Plaintiff resigned from J&R due to Jim's alleged access to his in-cab truck camera. *Id*. at ¶ 69. Thereafter, on or about December 2, 2024, Plaintiff filed a Charge of Discrimination and obtained a right-to-sue letter a week or so later. *Id*. at ¶¶ 15-16. On February 3, 2025, Plaintiff filed this action against J&R.

### III. LEGAL STANDARD

Motions to dismiss are governed by Federal Rule of Civil Procedure 12(b)(6). If a plaintiff fails to state a claim upon which relief can be granted, the court may dismiss the action. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Id.* at 678-79. A claim satisfies the plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Burtch v. Millberg Factors, Inc.*, 662 F.3d 212, 220-21 (3d Cir. 2011) (citing *Iqbal*, 556 U.S. at 678). While the plausibility standard is not "akin to a 'probability requirement,'" there nevertheless must be more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).

In *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016), the Third Circuit instructed district courts to apply a three-step analysis to 12(b)(6) motions: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegation that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief."

(*quoting Iqbal*, 556 U.S. at 675, 679).  *See Burtch*, 662 F.3d at 221*; Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d Cir. 2010). In our analysis of a motion to dismiss, the Third Circuit allows us to consider documents "attached to or submitted with the complaint, and any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'"  *Buck v. Hampton Tp. School Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2004)).

IV. **DISCUSSION**

A. **NEGLIGENCE**

In Count Five of the Complaint, Klingaman brings a claim for negligence against J&R which advances two theories of liability, negligent supervision and negligent hiring. Defendant argues Plaintiff's negligent hiring and negligent supervision claims are preempted by the PHRA and the Workers' Compensation Act ("WCA"), and that the negligent hiring claim additionally fails to plausibly allege that J&R had any prior notice of Jim Doe's harassing propensities at the time of his hire. (ECF No. 10, pp. 2-4).

As to J&R's argument that negligent hiring and supervision claims are preempted by the PHRA, while the case law is somewhat conflicting, it appears that J&R's interpretation of the statute's exclusivity provisions is overbroad. The PHRA bars actions "based on the same grievance," which concern the forms of discrimination "declared unlawful by section 5 of this Act." 43 Pa. Cons. Stat. § 962(b). Pennsylvania courts have established that plaintiffs may assert common law claims based on the same facts as their PHRA claims when the action would serve a purpose other than the elimination of discrimination. *See Schweitzer v. Rockwell International*,

402 Pa.Super. 34, 586 A.2d 383, 391 (1990) (stating "[n]othing in the language of the Act itself or in the expressed legislative intent shows that the Legislature intended to extinguish common law rights").

Klingaman's claim here seeks redress for Defendant's alleged negligence, rather than alleged discrimination. Moreover, the negligence claim is not inextricably intertwined with his discrimination claim, as he could theoretically prevail on the negligence claim even if he could not prove discrimination. *Compare with Weirich v. Horst Realty Corp. LLC*, No. 07-871, 2007 WL 2071904, at *2, 2007 U.S. Dist. LEXIS 50923, at *4 (E.D. Pa. Jul. 13, 2007) (dismissing plaintiffs' claim as preempted on the ground that plaintiff must prove discrimination to prove the breach of contract claim).

In Pennsylvania, the WCA provides the exclusive remedy for employees' work-related injuries. *See* 77 Pa. Stat. Ann. § 481(a). The legal immunity afforded to employers and their compensation insurers extends not only to acts of negligence, but also to claims based on intentional, wanton and willful misconduct. *Alston v. St. Paul Inc. Cos.*, 389 Pa. Super. 396, 567 A.2d 663 (1989), *aff'd*, 531 Pa. 261, 612 A.2d 421 (1992). The WCA, however, carves out an exception where an injury is inflicted by third persons based on non-employment related matters. *Id.* That exception, known as the "third-party attack" or "personal animus exception," is available only if the plaintiff-employee can demonstrate that the third party intended to injure him because of reasons personal to him, and the harmful conduct was not directed against him as an employee or because of his employment. *Id. See* 77 Pa. Stat. Ann. § 411(1); *Kohler v. McCrory Stores*, 532 Pa. 130, 615 A.2d 27 (1992).

Defendant similarly argues that Plaintiff's negligence claim is barred by the exclusivity provisions of the WCA. Defendant cites a recent decision in this district in a case presenting

similar facts, *Hummel v. JH Cornelia, LLC*, in which the Court dismissed the plaintiff's negligent supervision claim, concluding that Pennsylvania law holds such claims are barred by the WCA. No. CV 22-2332, 2023 WL 3067048 (E.D. Pa. Apr. 25, 2023). The Court did not discuss the personal animus exception in its analysis, however, and there are a number of Pennsylvania cases as well as cases in this district in which the plaintiff alleged sexual harassment and their negligence claim(s) were permitted to proceed under the personal animus exception to the WCA. [2]

Plaintiff must show that the harassment was based on personal animus and not work-related. *See Krasevic v. Goodwill Indus. of Cent. Pa., Inc.*, 2000 Pa. Super. 348, 764 A.2d 561, 566–67 (2000) ("a presumption nonetheless remains that an attack is work-related when, as here, it occurs on the employer's premises, and that the lack of previous personal animus strongly indicates a work-related cause."). Klingman has plausibly alleged a negligent supervision claim against J&R based on sexual harassment by Jim Doe that was personal in nature rather than work-related, so the portion of the negligence claim alleging negligent supervision is permitted to proceed.

Klingman's negligent hiring claim, on the other hand, fails because he has not provided sufficient factual material to plausibly allege that J&R had notice of Jim Doe's harassing propensities at the time of his hire. A plaintiff seeking recovery due to negligent hiring must show that (1) the employer knew or should have known of the violent propensity of the

---

[2] *See Schweitzer*, 586 A.2d at 391 (claims against employer regarding sexual harassment by co-worker not barred by the WCA as the harassment was "personal in nature and not part of the proper employer/employee relationship"); *See Pryor v. Mercy Cath. Med. Ctr.*, No. CIV. A. 99-0988, 1999 WL 956376, at *3 (E.D. Pa. Oct. 19, 1999) (holding that plaintiff's negligent supervision claim is not barred by the WCA if she asserts she was injured by a coworker for purely personal reasons); *See Merritt v. Delaware River Port Auth.*, No. CIV. A. 98-3313, 1999 WL 285900, at *7 (E.D. Pa. Apr. 20, 1999) ("The Court finds that because Merritt's claim for negligent retention and supervision rests on allegations of sexual harassment, it falls within the personal animus exception to the WCA.").

employee and (2) such employment creates a situation in which a third party may be harmed. *Coath v. Jones*, 277 Pa.Super. 479, 419 A.2d 1249, 1250 (1980) (*citing Dempsey v. Walso Bureau Inc.*, 431 Pa. 562, 246 A.2d 418 (1968)).

Plaintiff fails to establish why or how J&R knew or should have known of Jim Doe's propensity by offering facts related to Jim Doe's background, any prior misconduct, or how J&R's hiring and oversight practices were deficient, and instead simply relies on the conclusory allegation that "Defendant J&R should have known, through the exercise of reasonable care and diligence, that Employee was unfit for employment in a position of authority or interaction with other employees." (ECF No. 1, ¶ 129). While Plaintiff argues he needs additional discovery to develop the factual basis of the claim, he has not provided sufficient details to survive a motion to dismiss. Therefore, the portion of the negligence claim alleging negligent hiring is dismissed without prejudice.

## IV.   CONCLUSION

For the reasons set forth above, the motion to dismiss of Defendant J&R is granted in part and denied in part. Specifically, the portion of Plaintiff's claim for negligence in Count Five alleging negligent hiring is dismissed without prejudice, while the portion of the negligence claim in Count Five alleging negligent supervision is permitted to remain. Lastly, as Plaintiff has stipulated to the withdrawal of his NIED and IIED claims (Counts Three and Four), these claims are dismissed from the action with prejudice.